## BLUDWORTH et al. v. DUDLEY et al. (No. 1379.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 7, 1915.)

1. HOMESTEAD ⬤⇒115—VALIDITY OF SALE— CONSTITUTIONAL PROVISIONS.

In an action to cancel outstanding vendors' lien notes as a cloud on title, in which defendant's wife intervened, seeking a cancellation of the deed of herself and husband and a recovery of title and possession, evidence *held* to justify a finding that the sale was a pretended one within Const. art. 16, § 50, declaring pretended sales of homestead involving any condition of defeasance to be void.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 183, 184, 186–190; Dec. Dig. ⬤⇒ 115.]

2. HOMESTEAD ⬤⇒129—BONA FIDE PURCHASER—EVIDENCE—NOTICE.

In such action evidence *held* to support a finding that plaintiffs were not purchasers without notice of the pretended sale by defendants to the parties under whom plaintiffs claimed.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 233, 234; Dec. Dig. ⬤⇒129.]

3. JUDGMENT ⬤⇒18 — SUBROGATION — PLEADING.

In such action plaintiffs, who did not plead any right of subrogation to the notes which they had assumed and paid, or ask that the land be subject to the debt, could not complain because such relief was not granted to them.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 34–37; Dec. Dig. ⬤⇒18.]

Appeal from District Court, Bowie County; W. T. Armistead, Judge.

Action by J. A. and J. G. Bludworth against W. R. Dudley, with intervention by Mrs. Dudley. Judgment for intervener, and plaintiffs appeal. Affirmed.

By an instrument dated January 23, 1913, purporting to be an absolute deed, appellees, Dudley and wife, conveyed a tract of about 70 acres of land in Bowie county to one Butler, in consideration, as recited in the instrument, of $300 paid to them by Butler, and the execution and delivery to them by Butler of his two promissory notes, one for $350, and the other for $650, secured by a lien retained on the land. By a deed dated May 23, 1913, Butler conveyed the land to one Fox, who afterwards conveyed it to appellants, who were plaintiffs in the court below. The suit was against appellee Dudley alone. In their petition appellants alleged that the notes were paid by Butler before he conveyed the land to Fox, but that same "were never canceled or released" by Dudley, and constituted a cloud on their title to the land. They prayed for judgment "canceling and releasing the lien on said land as appears from the said two notes and removing cloud from their title caused thereby," etc. Mrs. Dudley intervened in the suit, alleging that the land was her homestead at the time she and her husband conveyed it to Butler, and that she was induced to execute the instrument conveying the land to Butler by representations made to her by Butler and her husband "that they desired to borrow money on the land, and that if she would sign some kind of an instrument they would borrow money thereon, and that upon the repayment of the money so borrowed her homestead would be clear and free from incumbrance thereby;" that she did not know at the time she signed the instrument that it "was a warranty deed by which she parted with all her right, title, and interest in and to the land, and that she did not sign the same with the understanding and intention that she would part from or dispose of the land and premises constituting her homestead, but acted solely upon the belief that she was merely signing an instrument by which money could be borrowed upon the

land"; and that the instrument "was never intended by any of the parties thereto to be more than a mortgage on the land." The appeal is from a judgment denying appellants any relief, and awarding to Mrs. Dudley relief she sought—to wit, a cancellation of the deed to Butler and a recovery of the title to and possession of the land.

J. B. Manning, of New Boston, and Mahaffey, Thomas & Hughes, of Texarkana, for appellants. C. A. Wheeler, of Texarkana, and Johnson & Boswell, of New Boston, for appellees.

WILLSON, C. J. (after stating the facts as above). The land was the homestead of Dudley and his wife at the time they conveyed it to Butler. From testimony in the record it appears that Dudley wished to acquire an interest in a mercantile business carried on by Butler, or by Butler and Fox, but did not have money with which to buy such interest. Dudley testified:

"Butler discovered the way to raise the money. He said I could deed him the place and he could take the notes and get the money on them. I gave him the deed to the place, and he gave me the notes, and he put up the notes to get the money. He was to get the money that way for me to go into the business with him. * * * It was agreed between Butler and I that my wife and I were to live on the place, and as soon as we made the money out of the business to pay back what had been borrowed on the notes Butler was to deed the land back to me. * * * It was the intention that Butler should give these notes so as to circulate them and use them to borrow money on. * * * I never received the $300 cash consideration recited in that deed, and never received payment of the notes."

[1, 2] It is not contended that the testimony did not justify the finding that the sale to Butler was a simulated one, and therefore void under section 50 of article 16 of the Constitution; but it is insisted that it appeared from the evidence that at the time appellants bought the land and paid Fox for it they were "without any notice, actual or constructive," that it was such a sale, and therefore, as innocent purchasers, were entitled to have the court treat the sale as a valid one. Dudley testified that before appellants bought the land appellant J. A. Bludworth talked with him about buying it. As to what he then said to said Bludworth, Dudley testified:

"I did tell him that I put the place up and had got money on it, had deeded it to Mr. Butler, but that when business went on all right I would recall the place; told him that the place might be on the market that fall, but at the present time I had an agreement to buy it back. * * * I told him about the title being in a tangle before he bought the property, and he told me he knew the condition. I told him the business was about to go under, and that if it did there would be trouble from it, but he never said much about it; he just went on."

The witness Edwards testified:

"I talked with Mr. Bludworth about the Dudley place along that spring or summer. I told

him I would be afraid of it. I don't know exactly how that conversation did come up, but anyhow I found out that he was figuring on buying it from Mr. Fox, and I told him I would be afraid of it, and he said he thought he could watch out and get it straight, or something to that amount."

We think the testimony referred to sufficient to support the finding that appellants were not without notice of the nature of the transaction between Dudley and Butler, and therefore overrule the contention made to the contrary.

[3] It is insisted that the judgment is wrong "because the undisputed proof on the trial showed that the plaintiffs were, at the time intervener intervened herein, in possession of the land in controversy, and that before said intervention they had paid off a part of a valid and subsisting lien on said land and became subrogated to the rights of the holder of such lien, at least pro tanto." There was testimony tending to show that Dudley bought the land of a Mrs. Smith, and, as a part of the purchase price, gave her either his promissory note for $350, or his three promissory notes—one for $150, and the other two for $100 each—aggregating that sum, secured by the vendor's lien on the land. It appeared that the note or notes were held by a bank. J. A. Bludworth testified that, as a part of the consideration for the conveyance of the land to him by Fox, he (Bludworth) assumed the payment of the note or notes made by Dudley and held by the bank, and that he did pay one of the $100 notes. If he paid one of the notes so secured perhaps he should be treated as the assignee thereof, and, as such, subrogated to the right of the bank to look to the land as security for the payment thereof. But, in the absence, as was the case, of pleading on the part of appellants setting up such a right of subrogation and asking that the land be subjected to the debt, we think they have no right to complain because such relief was not granted to them, nor to complain of the action of the court in granting the relief he did to the intervener, Mrs. Dudley.

The judgment is affirmed.